IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| YURI J. STOYANOV, | |
| v. | Civil Action Nos: |
| RAY MABUS, et al. | CCB-09-3479<br>CCB-11-739<br>CCB-12-2458<br>CCB-13-141<br>CCB-13-142<br>CCB-14-3262 |

## MEMORANDUM

Now pending before the court is the defendants' motion to dismiss or in the alternative for summary judgment. The plaintiff, Dr. Yuri Stoyanov, has not opposed the motion. No oral argument is necessary. *See* Local Rule 105.6. For the following reasons, the court will grant the motion to dismiss or for summary judgment, treated as a motion to dismiss.

## BACKGROUND

This litigation consolidates six cases brought by Dr. Stoyanov against myriad officials of the federal government over the better part of the last two decades. Dr. Stoyanov was formerly employed as a Scientist at the Naval Surface Warfare Center, Carderock Division, of the United States Department of the Navy. He claims to have been subjected to workplace harassment, discrimination, and retaliation. Dr. Stoyanov's subsequent filings have further alleged the existence of an extensive criminal conspiracy between the courts and the defendants which he claims constitutes a fraud on the court.

Following extensive procedural wrangling, several trips to the Fourth Circuit and back, and countless motions unmoored from any legal hook, the defendants' motion to dismiss finally came

before the court on May 28, 2021 (nearly three years ago). Mot. to Dismiss, ECF 86. Defendants argue that the court lacks jurisdiction, that Dr. Stoyanov's consolidated complaints fail to state a claim, and that, in the alternative, they are entitled to summary judgment. *Id.*

Dr. Stoyanov has not opposed the defendants' motion on the merits. Instead, over the last three years he has sought extensions, *see, e.g.*, Mot. for Extension, ECF 89, requested criminal investigations, *see, e.g.*, Fifth Urgent Mot. for Investigation into Federal Crime, ECF 91, asked to disqualify opposing counsel, *see, e.g.*, Third Urgent Mot. to Disqualify and Remove, ECF 108, and tried repeatedly to raise an interlocutory appeal to the Fourth Circuit and, ultimately, the Supreme Court, *see, e.g.*, Notice of Appeal, ECF 116.

When Dr. Stoyanov took his first interlocutory appeal during the pendency of the motion to dismiss, *see* Notice of Appeal, ECF 100, the court paused its consideration and noted that the motion could be refiled following the issuance of the Fourth Circuit's mandate. Dismissal Order, ECF 103. The Fourth Circuit's mandate issued, and the motion was deemed refiled on March 17, 2023. Order Lifting Stay, ECF 115. Rather than responding to the motion to dismiss, Dr. Stoyanov took another interlocutory appeal, this time challenging the court's Order lifting the stay. Notice of Appeal, ECF 116. Notwithstanding Dr. Stoyanov's unsuccessful history with interlocutory appeals, the court again paused this litigation. The Fourth Circuit denied Dr. Stoyanov's appeal, and its mandate issued on October 3, 2023. Mandate, ECF 123.

The same day, the court entered an Order requiring Dr. Stoyanov to finally oppose the defendants' motion on the merits. First Order Directing Response, ECF 124. Dr. Stoyanov was given twenty-eight days to respond and was expressly warned that "failure to file a response addressing the merits of the defendants' motion will be taken as indicating that [he] no longer wishes to pursue his claims, which will be dismissed." *Id.* Instead of responding, Dr. Stoyanov

requested a stay pending a petition for a writ of certiorari. First Mot. to Stay Pending Cert., ECF 125. The court concluded that it had no power to grant a stay because the Fourth Circuit's mandate had issued. Order Denying First Mot. to Stay, ECF 127. Dr. Stoyanov requested reconsideration, First Mot. for Stay Recons., ECF 128, which the court denied with additional reasoning, Order Denying First Mot. for Recons., ECF 129. Dr. Stoyanov appealed, Notice of Appeal, ECF 130, and the court waited again.

While this appeal was pending, Dr. Stoyanov submitted his petition for a writ of certiorari from his prior dismissed appeal. *See* Sup. Ct. Remark, ECF 133. On April 15, 2024, both the Supreme Court and the Fourth Circuit rejected Dr. Stoyanov's twin-track appeals. The Supreme Court denied the petition, *Stoyanov v. Del Toro*, No. 23-985, __ S. Ct. __, 2024 WL 1607816 (April 15, 2024), and the Fourth Circuit dismissed the appeal, Judgment of USCA, ECF 134. On April 18, 2024, this court accordingly entered another Order giving Dr. Stoyanov twenty-eight more days to oppose the defendants' motion to dismiss and warning him again that "failure to file a response addressing the merits of the defendants' motion will be taken as indicating that Dr. Stoyanov no longer wishes to pursue his claims, which will be dismissed. Furthermore, no new motions for reconsideration or appeals will prevent the court from dismissing the case in the absence of a timely response on the merits, as Dr. Stoyanov has been clearly and repeatedly advised by the Fourth Circuit that an interlocutory appeal is not appropriate." Second Order Directing Response, ECF 135.

On May 2, 2024, Dr. Stoyanov moved for another stay pending another petition for a writ of certiorari. Second Mot. to Stay Pending Cert., ECF 136. The court denied the motion, explaining that Dr. Stoyanov's new petition was baseless (in addition to improperly interlocutory) given that, although the court denied his motions to stay, it refrained from dismissing his claims during the

pendency of his prior petition for a writ of certiorari. Order Denying Second Mot. to Stay, ECF 137. In other words, the court had effectively granted him the relief he sought in the motions at issue in his current appeal. *Id.* The court additionally explained the basis for continuing to assert its jurisdiction before the issuance of the Fourth Circuit's most recent mandate and in the face of any further efforts to appeal. *Id.* In denying the motion, the court reiterated its warning that "no new motions for reconsideration or appeals will prevent the court from dismissing the case in the absence of a timely response on the merits" and declined to extend Dr. Stoyanov's deadline of May 16, 2024. *Id.* Dr. Stoyanov requested reconsideration on May 15, 2024. Second Mot. for Stay Recons., ECF 138. The court denied the motion on May 16, 2024. Order Denying Second Mot. for Recons., ECF 139. The May 16 deadline came and went, and Dr. Stoyanov has not opposed the defendants' motion to dismiss.

**ANALYSIS**

The court has jurisdiction to rule on the motion to dismiss notwithstanding any pending interlocutory appeals. Although "the filing of a notice of appeal 'confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal[,]'" the "district court does not lose jurisdiction when the litigant takes an appeal from an unappealable order." *United States v. Jones*, 367 F. App'x 482, 484 (4th Cir. 2010) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). All pending appeals arise from the denials of Dr. Stoyanov's motions to stay the case pending his petitions for writs of certiorari. The Orders denying stays are not final Orders, 28 U.S.C. § 1291, are not appealable under 28 U.S.C. § 1292(a), do not meet the requirements of the collateral order doctrine, *see In re Grand Jury 2021 Subpoenas*, 87 F.4th 229, 244 (4th Cir. 2023) (internal citation omitted), and the court has not certified an appeal under 28 U.S.C. § 1292(b). The Orders are unappealable, and the court retains

jurisdiction over this case. *Bluefeld v. Cohen*, No. 15-cv-2857-PX, 2017 WL 1546406, at *2 (D. Md. Apr. 27, 2017).

When a party fails to oppose a motion to dismiss, the court "has the discretion to dismiss the case without reaching the merits," by "'rul[ing] on the . . . motion and dismiss[ing] [the] suit on the uncontroverted bases asserted' in the motion." *White v. Wal-Mart Stores, Inc.*, No. 14-cv-31-ELH, 2014 WL 1369609, at *2 (D. Md. Apr. 4, 2014) (quoting *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004)). Moreover, a plaintiff's failure to oppose arguments in a motion to dismiss can constitute abandonment of the claims. *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010). In this case, Dr. Stoyanov was expressly and repeatedly warned that failure to oppose the defendants' motion would be treated as an abandonment of his claims, and that dismissal would follow. He has undoubtedly seen this warning but has refused to heed it. The court cannot construe Dr. Stoyanov's lack of opposition as anything but abandonment of his claims. Furthermore, the uncontroverted bases for dismissal asserted in the defendants' motion have "no obvious lack of merit." *Castillo v. Nationstar Mortg., LLC*, No. 14-cv-2162-DKC, 2014 WL 5089088, at *1 (D. Md. Oct. 8, 2014). Dr. Stoyanov's failure to develop any substantive contradictory argument over the last three years supports the conclusion that the defendants' reasons for dismissal are sound. Dr. Stoyanov's claims will be dismissed.

## CONCLUSION

For the above-stated reasons, the defendants' motion to dismiss or in the alternative for summary judgment, treated as a motion to dismiss will be granted.

A separate Order follows.

| | |
|---|---|
| __5/23/2024__ <br> Date | __/s/_____ <br> Catherine C. Blake <br> United States District Judge |